**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **Civil Action No. 3:05-cv-2505-JFA** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CONGAREE DOWNS LIMITED | ) | |
| PARTNERSHIP, COX AND DINKINS, | ) | |
| INC., AND ARM ENVIRONMENTAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**UNOPPOSED MOTION TO ENTER CONSENT DECREE**

Plaintiff, United States of America on behalf of the United States Army Corps of Engineers, hereby moves the Court to enter a Consent Decree containing the terms of a settlement of all claims in this action against Congaree Downs Limited Partnership, Cox and Dinkins, Inc. and ARM Environmental Services, Inc. (collectively "Defendants"). In the proposed Consent Decree, the United States and Defendants state that settlement of this case is in the public interest and that entry of the decree is the most appropriate means of resolving the alleged violations.

In support of this unopposed motion, Plaintiff states as follows:

1.     On August 29, 2005, Plaintiff United States filed a Complaint against Defendants alleging that they violated Sections 309(b) and 309(d) of the Clean Water Act ( "CWA"), 33 U.S.C. § 1319(b) and (d), by unlawfully discharging pollutants into waters of the United States without authorization by a CWA  Section 404 permit issued by the Corps of Engineers at a site located at Congaree Downs Subdivision in South Congaree, Lexington County, South Carolina.

2.     On September 1, 2005, the United States lodged with this Court a proposed Consent Decree to resolve all of the claims in this matter.  At that time, the United States requested that the Court withhold consideration of the proposed decree while the United States provided an opportunity for public comment pursuant to 28 C.F.R. § 50.7.

3.     On September 9, 2005,  the United States Department of Justice published in the Federal Register a notice that the proposed Consent Decree had been lodged with the Court.  See 70 Fed. Reg. 53689 (September 9, 2005) (Exhibit A).   This notice requested public comment on the proposed decree and provided for a public comment period of 30 days.

4.     The public comment period ended October 9, 2005.  No comments were received.

5.     The Court should approve a settlement if it is fair, adequate, reasonable, and consistent with applicable law.  *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999).  In reviewing a settlement, inquiry is directed not to whether the court itself

would have reached a particular settlement, but whether the proposed settlement is a reasonable compromise and otherwise in the public interest. *United States v. Akzo Coatings, Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991). When considering whether to enter a proposed consent decree, district courts "should be guided by the general principle that settlements are encouraged." *United States v. North Carolina*, 180 F.3d at 581. Additionally, where a government agency charged with protecting the public interest has been involved in constructing the proposed settlement, a reviewing court "may appropriately accord substantial weight to the agency's expertise and public interest responsibility." *Bragg v. Robertson*, 83 F. Supp.2d 713, 717 (S.D. W. Va. 2000) (citation omitted), aff'd, 248 F.3d 275 (4th Cir. 2001); *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) (When United States is party to consent decree, court "should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment."); *United States v. Shaffer Equip. Co.*, 158 F.R.D. 80, 82-83 (S.D. W. Va. 1994) (stating that the district court "must accord deference to the EPA's expertise and its determination that the settlement is appropriate").

6.     The CWA's chief objective is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The proposed Consent Decree furthers this objective by, among other things: (1) permanently enjoining the discharge of pollutants into waters of the United States in violation of CWA section 301(a), 33 U.S.C. § 1311(a); and (2) requiring Defendants to pay civil penalties

as follows:

Congaree Downs Limited Partnership     $1,000.00

Cox & Dinkins, Inc.                                    $1,000.00

ARM Environmental Services, Inc.              $4,000.00

Restoration mitigation and preservation have been provided in accordance with Attachment B to the Consent Decree.

7.      Under the terms of the proposed Consent Decree, this Court retains jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising thereunder as may be necessary or appropriate for construction or execution of the decree. During pendency of the Consent Decree, any party may apply to the Court for any relief necessary to construe and effectuate the decree.

8.      For the foregoing reasons, the United States respectfully requests that this Court enter the proposed Consent Decree.

JONATHAN S. GASSER
ACTING UNITED STATES ATTORNEY

*/s/ R. Emery Clark*
By_____
R. Emery Clark (#1183)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
(803) 929-3000

October 24, 2005